
# FOLEY

**FOLEY & LARDNER LLP**

**MEMO ENDORSED** April 29, 2008

<u>VIA FACSIMILE</u>

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3401
pwang@foley.com EMAIL

CLIENT/MATTER NUMBER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/08

Honorable P. Kevin Castel
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  The Rockefeller University v. Ligand Pharmaceuticals, Inc.
     Case No. 08-Civ-02775 (PKC) (HP)

Dear Judge Castel:

    This firm represents the Plaintiff, The Rockefeller University ("Rockefeller"), in the above referenced matter. I write in response to Ligand Pharmaceuticals, Inc.'s ("Ligand") April 25, 2008 letter to the Court. In its letter, Ligand asks this Court to delay the setting of a discovery schedule at the upcoming May 9, 2008 conference until Ligand's pending motion to dismiss or transfer has been decided. Rockefeller respectfully requests that the Initial Scheduling Conference go forward as scheduled on May 9, according to this Court's March 19, 2008 Order. Rockefeller has no objection to Ligand's request for the Court to hear oral argument on Ligand's pending motion on May 9, as well.

    Rockefeller sees no reason to delay discovery in this matter. The crux of this litigation, as set forth more fully in Rockefeller's Complaint, is a dispute over Ligand's alleged termination of an exclusive 1992 licensing agreement between Ligand and Rockefeller ("1992 Agreement"). The 1992 Agreement, which is governed by New York law, provides for milestone and royalty payments to be paid to Rockefeller in return for Rockefeller's exclusive licensing to Ligand of certain Rockefeller technology. Ligand has failed to pay Rockefeller its share of milestone payments under the 1992 Agreement that Ligand has received as a result of exclusively sublicensing the Rockefeller technology to SmithKline Beecham ("SKB", now GlaxoSmithKline Kline). On the eve of SKB's submission to the Food & Drug Administration ("FDA") of a New Drug Application for Eltrombopag (Promacta®), Ligand attempted to terminate the 1992 Agreement and its obligation to pay Rockefeller. In the near future, Ligand likely will begin receiving substantial royalties from SKB, once Eltrombopag is approved. The FDA announced on March 3, 2008 that it had granted priority review of SKB's New Drug Application, which means that the FDA is expected to make a decision within six months of SKB's application date. Because Rockefeller is entitled to a percentage of the royalties earned by Ligand from sales of Eltrombopag, it is critical that this Court resolve the parties' dispute as expeditiously as possible. Rockefeller seeks its day in court and sees no reason to delay the advancement of this case until after Ligand's motion has been decided.

BOSTON          JACKSONVILLE     NEW YORK          SAN FRANCISCO     TOKYO
BRUSSELS        LOS ANGELES      ORLANDO           SHANGHAI          WASHINGTON, D.C.
CENTURY CITY    MADISON          SACRAMENTO        SILICON VALLEY
CHICAGO         MIAMI            SAN DIEGO         TALLAHASSEE
DETROIT         MILWAUKEE        SAN DIEGO/DEL MAR TAMPA

NYC_234339.1

# ▪FOLEY

FOLEY & LARDNER LLP

Honorable P. Kevin Castel
April 29, 2008
Page 2

In addition, Dr. Darnell, the Rockefeller University professor who discovered the groundbreaking inventions at issue in this litigation is Rockefeller's key witness. Dr. Darnell is seventy seven (77) years of age and resides and works in New York.

It should be noted that in its pending motion, Ligand has done little to advance its position that this case should be dismissed or transferred to California. This Court has personal jurisdiction over Ligand, and Ligand has provided an insufficient basis on which to transfer to California Rockefeller's first-filed New York suit, which is governed by New York law. Nonetheless, should this Court decide to dismiss this action or transfer it, any discovery taken in this jurisdiction would be applicable in the transferee jurisdiction and therefore, there is no reason to delay the commencement of discovery.

As indicated above, while Rockefeller objects to Ligand's request to delay the discovery scheduling order, should the Court wish to hear oral arguments on Ligand's motion at the previously scheduled May 9, 2008 Initial Scheduling Conference, Rockefeller is amenable to proceeding on the motion as well.

Respectfully submitted,

Peter N. Wang

cc:  Simon Miller, Esq.
     Gregg Anderson, Esq.
     Darrell Olson, Esq.
     Joseph Reisman, Esq.

*I will move the conference in this matter from May 9 at 12:15 pm to May 8 at 2:15 p.m. which will give the Court enough time to hear the parties on the present motion. The parties should meet and confer on a case management plan.*

*SO ORDERED,*
*[signature], USDJ*
*4-29-08*

NYC_234339.1