Peter N. Wang (PW 9216)
Douglas S. Heffer (DH 6082)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Tel: (212) 682-7474
Fax: (212) 687-2329

Anat Hakim (AH 4398)
3000 K Street, NW-Suite 500
Washington, DC 20007-5101
Tel: (202) 672-5300
Fax: (202) 672-5399
*Attorneys for Defendant The Rockefeller University, a New York*
*not-for-profit education corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                              :

| | | |
|---|---|---|
| THE ROCKEFELLER UNIVERSITY, | : | 08-CV-2755 (PKC) (HP) |
| | : | |
| Plaintiff, | : | **PLAINTIFF THE ROCKEFELLER** |
| | : | **UNIVERSITY'S ANSWER TO** |
| v. | : | **DEFENDANT'S COUNTERCLAIMS** |
| | : | |
| LIGAND PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------- X

          Plaintiff and Counterclaim Defendant The Rockefeller University

("Rockefeller"), by its attorneys, Foley & Lardner LLP, respectfully answers Defendant

and Counterclaim Plaintiff Ligand Pharmaceutical, Inc.'s ("Ligand") Counterclaims in

correspondingly numbered paragraphs as follows.

          As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's

Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer.  To

the extent Ligand makes any factual allegations and/or denials of Rockefeller's

Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller as set forth below.

## PARTIES

80.     Rockefeller admits that Ligand is a Delaware corporation with its principal place of business at 10275 Science Center Drive, San Diego, California 92121.

81.     Rockefeller lacks sufficient information to admit or deny the allegations of Paragraph 81 and therefore denies them.

82.     Rockefeller admits that it is a New York not-for-profit education corporation with its principal place of business at 1230 York Avenue, New York, New York. Rockefeller denies the remaining allegations of Paragraph 82.

83.     Rockefeller lacks sufficient information to admit or deny the allegations of Paragraph 83 and therefore denies them.

84.     Rockefeller admits that NYU is a university and is not a party to the License Agreement between Ligand and Rockefeller dated September 30, 1992 (Exhibit A attached to Rockefeller's Complaint; hereinafter referred to as the "1992 Agreement") or this lawsuit. Rockefeller lacks sufficient information to admit or deny the remaining allegations of Paragraph 84 and therefore denies them.

## JURISDICTION AND VENUE

85.     Rockefeller admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201 over certain of Ligand's Counterclaims. Rockefeller denies the remaining allegations of Paragraph 85.

86.     Rockefeller admits the allegations of Paragraph 86.

87.       Rockefeller admits the allegations of Paragraph 87.

**FACTUAL BACKGROUND**

88.       Rockefeller admits that Section 1.3 of the 1992 Agreement defines

"Licensed Patent Rights" and Rockefeller refers to Section 1.3 of the 1992 Agreement,

which Agreement is incorporated into Rockefeller's Complaint and which speaks for

itself.  Rockefeller denies the remaining allegations of Paragraph 88.

89.       Rockefeller admits that it is the identified assignee of the patents listed in

paragraph 89 of Ligand's Counterclaims.  As to the remaining claims in paragraph 89,

Rockefeller denies the allegations except that Rockefeller admits that certain of the

"Rockefeller Patents" listed in paragraph 89 claim priority back to the patent applications

listed in Exhibit A to the 1992 Agreement or relate to Technical Information under the

1992 Agreement.

90.       Rockefeller admits that Section 1.4 of the 1992 Agreement defines

"Technical Information" and Rockefeller refers to Section 1.4 of the 1992 Agreement,

which Agreement is incorporated into Rockefeller's Complaint and which speaks for

itself.  Rockefeller denies the remaining allegations of Paragraph 90.

91.       Rockefeller admits that the parties entered into the 1992 Agreement and

refers to the 1992 Agreement, which is incorporated into Rockefeller's Complaint and

which speaks for itself.  Rockefeller denies the remaining allegations of Paragraph 91.

92.       Rockefeller admits that Ligand entered into an exclusive Research,

Development and License Agreement by and between SmithKline Beecham Corporation

[now GlaxoSmithKline] and Ligand Pharmaceuticals Incorporated dated 29 December

1994 (the "1994 SKB/Ligand Agreement"), that Section 1.17 of the 1994 SKB/Ligand

Agreement defines the term "Hematopoietic Growth Factor" and refers to the 1994 SKB/Ligand Agreement, which speaks for itself. Rockefeller denies the remaining allegations of Paragraph 92.

93.     Rockefeller lacks sufficient information to admit or deny the allegations of Paragraph 93 and therefore denies them.

94.     Rockefeller admits that Section 1.39 of the 1994 SKB/Ligand Agreement defines "Research Program" and Rockefeller refers to the 1994 SKB/Ligand Agreement for that definition, which speaks for itself. On information and belief, Rockefeller further admits that the SKB/Ligand collaboration under the 1994 SKB/Ligand Agreement has led to the identification and development of several pharmaceutical compounds, including but not limited to PROMACTA® and SB-559448. Rockefeller also admits that SKB has already paid to Ligand at least $8 million in milestone payments pursuant to the 1994 SKB/Ligand Agreement. Rockefeller denies the remaining allegations of Paragraph 94.

95.     Rockefeller lacks sufficient information to admit or deny the allegations of Paragraph 95 and therefore denies them.

96.     Rockefeller admits that beginning in 2003, it sent letters to Ligand demanding payment under the 1992 Agreement of Rockefeller's share of certain payments made to Ligand by SKB in connection with the identification and development of several pharmaceutical compounds resulting from Ligand's collaboration with SKB under the 1994 SKB/Ligand Agreement. Rockefeller denies the remaining allegations of Paragraph 96.

97.      Paragraph 97 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required. To the extent a response is required, Rockefeller lacks sufficient information to admit or deny the allegations of Paragraph 97 and therefore denies them.

98.      Rockefeller admits, on information and belief, that Ligand has its own thrombopoietin program, that that program has resulted in the identification and development of LGD-4665, and that LGD-4665 is subject to payment to Rockefeller under the 1992 Agreement. Rockefeller denies the remaining allegations of Paragraph 98.

99.      Rockefeller admits that Section 2.5 of the 1992 Agreement sets forth Ligand's payment obligations to Rockefeller with respect to milestone and royalty payments that Ligand receives from third parties and Rockefeller specifically refers to Section 2.5 of the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint and which speaks for itself. Rockefeller denies the remaining allegations of Paragraph 99.

100.      Rockefeller admits that Section 1.5 of the 1992 Agreement defines "Product" and Rockefeller refers to Section 1.5 of the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint and which speaks for itself. Rockefeller denies the remaining allegations of Paragraph 100.

101.      Rockefeller admits that it has alleged that several pharmaceutical compounds, including but not limited to PROMACTA®, SB-559448, and LGD-4665, constitute a "Product" as that term is defined in Section 1.5 of the 1992 Agreement and that "Licensed Patent Rights" is a term defined in Section 1.3 of the 1992 Agreement,

which Agreement is incorporated into Rockefeller's Complaint and which speaks for itself. Rockefeller denies the remaining allegations of Paragraph 101.

102.    Rockefeller admits that Section 11.2 of the 1992 Agreement constitutes a provision addressing termination of a license grant under the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint and which speaks for itself. Rockefeller denies the remaining allegations of Paragraph 102, which is an incomplete and therefore inaccurate summary of Section 11.2 of the 1992 Agreement.

103.    Rockefeller admits that Ligand sent a letter dated August 9, 2007, that purported to provide Rockefeller with written notice that "Ligand is exercising its right to terminate the above-referenced Agreement. Pursuant to Section 11.2, this termination will be effective on November 7, 2007." Rockefeller avers that Ligand's notice was ineffective and otherwise denies the remaining allegations of Paragraph 103.

104.    Rockefeller admits that it is Rockefeller's position that the 1992 Agreement was not terminated and that Ligand's attempts to terminate are invalid. Rockefeller further admits that it is Rockefeller's position that Rockefeller is entitled to milestone and royalty payments for Products, including but not limited to PROMACTA®, SB-559448 and LGD-4665 under the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint and which speaks for itself. Rockefeller denies the remaining allegations of Paragraph 104.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment Scope of License Patent Rights)

105.    As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer. To

the extent Ligand makes any factual allegations and/or denials of Rockefeller's Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller. Rockefeller refers to and incorporates herein by reference the responses contained in Paragraphs 80-104 above.

106.     Rockefeller admits the allegations of Paragraph 106.

107.     Rockefeller denies the allegations of Paragraph 107 except that Rockefeller admits that it alleges in its Complaint that certain patents assigned to Rockefeller are included within the Licensed Patent Rights and that Rockefeller is entitled to milestone and royalty payments for Products, including but not limited to PROMACTA®, SB-559448 and LGD-4665 under the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint. With respect to Rockefeller's allegations, Rockefeller refers to its Complaint which speaks for itself.

108.     Rockefeller denies the allegations of Paragraph 108.

109.     Paragraph 109 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required. On this basis, Rockefeller denies the allegations of Paragraph 109.

110.     Paragraph 110 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required. On this basis, Rockefeller denies the allegations of Paragraph 110.

111.     Paragraph 111 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required. On this basis, Rockefeller denies the allegations of Paragraph 111.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment Scope of Technical Information)**

112.     As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer.  To the extent Ligand makes any factual allegations and/or denials of Rockefeller's Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller.  Rockefeller refers to and incorporates herein by reference the responses contained in Paragraphs 80-111 above.

113.     Rockefeller admits the allegations of Paragraph 113.

114.     Rockefeller admits that it is Rockefeller's position that several pharmaceutical compounds, including but not limited to PROMACTA®, SB-559448, and LGD-4665, constitute a "Product" as that term is defined in Section 1.5 of the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint and which speaks for itself.  Rockefeller denies the remaining allegations of Paragraph 114.

115.     Rockefeller lacks sufficient information to admit or deny the allegations of Paragraph 115 and therefore denies them.

116.     Paragraph 116 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 116.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment Termination)**

117.     As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer.  To the extent Ligand makes any factual allegations and/or denials of Rockefeller's Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller.  Rockefeller refers to and incorporates herein by reference the responses contained in Paragraphs 80-116 above.

118.     Rockefeller admits that Section 11.3 of the 1992 Agreement constitutes one of the provisions addressing termination under the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint and which speaks for itself. Rockefeller admits that its position is that the 1992 Agreement was not terminated and that Ligand's attempts to terminate the 1992 Agreement are invalid.  Rockefeller denies the remaining allegations of Paragraph 118.

119.     Rockefeller lacks sufficient information to admit or deny the allegations of Paragraph 119 and therefore denies them.

120.     Paragraph 120 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 120.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment Breach of Duty of Disclosure)

121.     As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer.  To the extent Ligand makes any factual allegations and/or denials of Rockefeller's

Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller. Rockefeller refers to and incorporates herein by reference the responses contained in Paragraphs 80-120 above.

122.    Rockefeller admits that Section 8.1 of the 1992 Agreement is one of the warranty provisions in the 1992 Agreement and Rockefeller refers to Section 8.1 of the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint and which speaks for itself. Rockefeller denies the remaining allegations of Paragraph 122.

123.    Paragraph 123 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required. On this basis, Rockefeller denies the allegations of Paragraph 123.

124.    Paragraph 124 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required. On this basis, Rockefeller denies the remaining allegations of Paragraph 124.

125.    Rockefeller denies the allegations of Paragraph 125.

126.    Rockefeller denies the allegations of Paragraph 126.

127.    Rockefeller denies the allegations of Paragraph 127.

128.    Rockefeller admits that on March 13, 2008, Ligand sent a letter to Rockefeller, purporting to terminate the 1992 Agreement for material breach under Section 11.3. It is Rockefeller's position that the 1992 Agreement was not terminated and that Ligand's attempts to terminate the 1992 Agreement are invalid. Rockefeller denies the remaining allegations of Paragraph 128.

129.    Rockefeller denies the allegations of Paragraph 129.

130.     Rockefeller admits that on March 13, 2008, Ligand sent a letter to Rockefeller, purporting to terminate the 1992 Agreement for material breach under Section 11.3.  Rockefeller further admits that Rockefeller denies Ligand's allegations of breach.  Rockefeller denies the remaining allegations of Paragraph 130.

131.     Paragraph 131 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 131.

### FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity And

### Non-Infringement of U.S. Patent No. 6,030,720)

132.     As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer.  To the extent Ligand makes any factual allegations and/or denials of Rockefeller's Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller.  Rockefeller refers to and incorporates herein by reference the responses contained in Paragraphs 80-131 above.

133.     Rockefeller admits the allegations of Paragraph 133.

134.     Rockefeller denies the allegations in Paragraph 134 except that Rockefeller admits that it alleges in its Complaint that certain patents assigned to Rockefeller are included within the Licensed Patent Rights and that Rockefeller is entitled to milestone and royalty payments for Products, including but not limited to PROMACTA®, SB-559448 and LGD-4665 under the 1992 Agreement, which

Agreement is incorporated into Rockefeller's Complaint. With respect to Rockefeller's allegations, Rockefeller refers to its Complaint which speaks for itself.

135.     Paragraph 135 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required. On this basis, Rockefeller denies the allegations of Paragraph 135.

136.     Paragraph 136 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required. On this basis, Rockefeller denies the allegations of Paragraph 136.

137.     Rockefeller denies the allegations of Paragraph 137.

138.     Rockefeller denies the allegations of Paragraph 138.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity And

### Non-Infringement of U.S. Patent No. 6,605,442)

139.     As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer. To the extent Ligand makes any factual allegations and/or denials of Rockefeller's Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller. Rockefeller refers to and incorporates herein by reference the responses contained in Paragraphs 80-138 above.

140.     Rockefeller admits the allegations of Paragraph 140.

141.     Rockefeller denies the allegations of Paragraph 141 except that Rockefeller admits that it alleges in its Complaint that certain patents assigned to

Rockefeller are included within the Licensed Patent Rights and that Rockefeller is entitled to milestone and royalty payments for Products, including but not limited to PROMACTA®, SB-559448 and LGD-4665 under the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint.  With respect to Rockefeller's allegations, Rockefeller refers to its Complaint which speaks for itself.

142.     Paragraph 142 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 142.

143.     Paragraph 143 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 143.

144.     Rockefeller denies the allegations of Paragraph 144.

## SEVENTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity And

### Non-Infringement of U.S. Patent No. 6,720,154)

145.     As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer.  To the extent Ligand makes any factual allegations and/or denials of Rockefeller's Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller.  Rockefeller refers to and incorporates herein by reference the responses contained in Paragraphs 80-144 above.

146.     Rockefeller admits the allegations of Paragraph 146.

147.     Rockefeller denies the allegations of Paragraph 147 except that Rockefeller admits that it alleges in its Complaint that certain patents assigned to Rockefeller are included within the Licensed Patent Rights and that Rockefeller is entitled to milestone and royalty payments for Products, including but not limited to PROMACTA®, SB-559448 and LGD-4665 under the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint.  With respect to Rockefeller's allegations, Rockefeller refers to its Complaint which speaks for itself.

148.     Paragraph 148 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 148.

149.     Paragraph 149 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 149.

150.     Rockefeller denies the allegations of Paragraph 150.

## EIGHTH CLAIM FOR RELIEF

## (Declaratory Judgment of Invalidity And

## Non-Infringement of U.S. Patent No. 7,115,567)

151.     As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer.  To the extent Ligand makes any factual allegations and/or denials of Rockefeller's Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller.  Rockefeller

refers to and incorporates herein by reference the responses contained in Paragraphs 80-150 above.

152.      Rockefeller admits the allegations of Paragraph 152.

153.      Rockefeller denies the allegations of Paragraph 153 except that Rockefeller admits that it alleges in its Complaint that certain patents assigned to Rockefeller are included within the Licensed Patent Rights and that Rockefeller is entitled to milestone and royalty payments for Products, including but not limited to PROMACTA®, SB-559448 and LGD-4665 under the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint.  With respect to Rockefeller's allegations, Rockefeller refers to its Complaint which speaks for itself.

154.      Paragraph 154 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 154.

155.      Paragraph 155 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 155.

156.      Rockefeller denies the allegations of Paragraph 156.

**NINTH CLAIM FOR RELIEF**

**(Declaratory Judgment of Invalidity And**

**Non-Infringement of U.S. Patent No. 5,883,228)**

157.      As to Paragraphs 1-79 which set forth Ligand's Answer to Rockefeller's Complaint, there is no requirement for Rockefeller to respond to Ligand's Answer.  To the extent Ligand makes any factual allegations and/or denials of Rockefeller's

Complaint, that are contrary or prejudicial to Rockefeller's allegations or position in this action, such allegations and/or denials of Ligand are denied by Rockefeller.  Rockefeller refers to and incorporates herein by reference the responses contained in Paragraphs 80-156 above.

158.     Rockefeller admits the allegations of Paragraph 158.

159.     Rockefeller denies the allegations of Paragraph 159 except that Rockefeller admits that it alleges in its Complaint that certain patents assigned to Rockefeller are included within the Licensed Patent Rights and that Rockefeller is entitled to milestone and royalty payments for Products, including but not limited to PROMACTA®, SB-559448 and LGD-4665 under the 1992 Agreement, which Agreement is incorporated into Rockefeller's Complaint.  With respect to Rockefeller's allegations, Rockefeller refers to its Complaint which speaks for itself.

160.     Paragraph 160 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 160.

161.     Paragraph 161 calls for a legal conclusion and furthermore contains no factual assertions to which a response is required.  On this basis, Rockefeller denies the allegations of Paragraph 161.

162.     Rockefeller denies the allegations of Paragraph 162.

### DENIAL OF LIGAND'S PRAYER FOR RELIEF

Ligand's prayer for relief contains no factual assertions to which a response is required.  To the extent that the prayer for relief may be deemed to require a response, it

is denied and Rockefeller specifically denies that Ligand is entitled to the relief requested.

## PLAINTIFF'S AFFIRMATIVE DEFENSES

Rockefeller asserts the following affirmative defenses to each of Ligand's Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Each cause of action set forth in Ligand's Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, Laches, Unclean Hands and/or Acquiescence)**

Ligand's Counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches, acquiescence and/or unclean hands. Among other things, Ligand participated in the prosecution of the Licensed Patent Rights.

### THIRD AFFIRMATIVE DEFENSE

**(Lack of Breach)**

Ligand's Counterclaims are barred due to the fact that Rockefeller did not breach any provision of the 1992 License Agreement.

### FOURTH AFFIRMATIVE DEFENSE

**(Non-Performance)**

Ligand's Counterclaims are barred in whole or in part by Ligand's non-performance under the 1992 Agreement.

### FIFTH AFFIRMATIVE DEFENSE

WASH_4182617.3

**(Consent and Ratification)**

Ligand's Counterclaims are barred due to Ligand's consent to, participation in, and ratification of Rockefeller's conduct.

## SIXTH AFFIRMATIVE DEFENSE

**(Full Performance)**

Ligand's Counterclaims are barred by Rockefeller's full performance under the 1992 Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

**(No damages alleged)**

Ligand's Counterclaims are barred since Ligand has not alleged or suffered any damages as a result of  the facts alleged in its Counterclaims.

## EIGHTH AFFIRMATIVE DEFENSE

**(Failure to plead with particularity)**

Ligand has failed to plead with particularity its allegations involving fraud.

## NINTH AFFIRMATIVE DEFENSE

**(License)**

Ligand's Counterclaims are barred because Ligand is licensed under the 1992 Agreement.

## TENTH AFFIRMATIVE DEFENSE

**(Lack of Jurisdiction Under Declaratory Judgment Act)**

Ligand's Counterclaims are barred because Ligand is licensed under the 1992 Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Validity of patents)**

Ligand's Counterclaims are barred because Rockefeller's patents are valid.

## TWELFTH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

Rockefeller reserves the right to assert other defenses and affirmative defenses as this action proceeds and which are not apparent from the face of Ligand's Counterclaims.

Wherefore, Plaintiff respectfully requests that this Court dismiss Defendant's Counterclaims with prejudice, award Plaintiff its costs and attorneys' fees as may be permitted by law, and grant such other relief as may be appropriate.

DATED:     New York, New York
           June 16, 2008

/s/ Peter N. Wang
Peter N. Wang (PW 9216)
Douglas S. Heffer (DH 6082)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Tel: (212) 682-7474
Fax: (212) 687-2329

Anat Hakim (AH 4398)
3000 K Street, NW-Suite 500
Washington, DC 20007-5101
Tel: (202) 672-5300
Fax: (202) 672-5399

*Attorneys for Defendant The Rockefeller University, a New York not-for-profit education corporation*

WASH_4182617.3