USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/8/08_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE ROCKEFELLER UNIVERSITY, a
New York not-for-profit corporation,

        Plaintiff,

v.

LIGAND PHARMACEUTICALS
INCORPORATED, a Delaware corporation,

        Defendant.

08-CV-2775 (PKC) (HP)
2755

**STIPULATED PROTECTIVE ORDER**

WHEREAS, The Rockefeller University ("Rockefeller") and Ligand Pharmaceuticals Incorporated ("Ligand") (collectively, the "parties" and individually, a "party") and likely non-party witnesses possess confidential information, including information that constitutes or contains trade secrets or other confidential research, development, commercial or other information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), that may be disclosed in the above-entitled action ("Action") and that must be protected to preserve the legitimate business and other interests of the parties, and

WHEREAS, the parties, through their counsel, stipulate to the entry of this Protective Order to prevent the unnecessary dissemination or disclosure of such confidential information;

WHEREAS, the parties, through their counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND ORDERED:

1.    Definitions.

        (a)    The term "CONFIDENTIAL INFORMATION" as used in this Protective

Order means information, in any form, that the designating party believes constitutes, discloses or relates to confidential research, development, financial, commercial marketing, business or other information, trade secrets, know-how, or proprietary data relating to research, development, financial, commercial, marketing, business or other technical or non-technical subject matter within the meaning of Fed. R. Civ. P. 26(c)(1)(g).    CONFIDENTIAL INFORMATION designated as such pursuant to this Protective Order may be contained in, without limitation, documents, information and things produced by the parties and by non-parties during formal discovery or otherwise; documents, information or things of non-parties which the producing or designating party is under an obligation to maintain in confidence; deposition testimony and transcripts; answers to interrogatories and responses to requests for admission and other discovery requests; hearing or trial transcripts; and tangible things or objects. All copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose CONFIDENTIAL INFORMATION also shall be deemed CONFIDENTIAL INFORMATION.

(b)    "HIGHLY CONFIDENTIAL" means CONFIDENTIAL INFORMATION of a party or a Non-Party that is of such a sensitive nature that it supports a reasonable good faith belief that granting access to such information to an employee or officer of a competitor will place the producing party at a competitive disadvantage. As between the parties to this Action, the categories of documents and information which may be designated HIGHLY CONFIDENTIAL shall include:

(i)    CONFIDENTIAL INFORMATION of a financial and marketing nature, including but not limited to consulting or business relationships with Non-Parties, but only to the extent that such information remains non-public;

5711205-1

(ii)    CONFIDENTIAL INFORMATION of a technical nature that, if used by the party granted access for a purpose other than this litigation would place the producing party at a competitive disadvantage;

(iii)    Information produced by a "Non-Party," that has in good faith, and consistent with the meaning of HIGHLY CONFIDENTIAL as set forth above, designated the information as HIGHLY CONFIDENTIAL;

The parties to this action may not designate information as HIGHLY CONFIDENTIAL, or maintain such designation, if such information becomes publicly known; or (2) does not satisfy the definition of HIGHLY CONFIDENTIAL set forth above.

(c)    The term "Non-Party" shall mean any party who is not a named party in this Action.

(d)    The term "designating party" or "producing party" means the party or non-party and its agents, representatives and employees who produce documents, information or things which such party or non-party designates as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information under this Protective Order.

(e)    The term "receiving party" means a party or non-party or the agents, representatives and employees (of a party or Non-Party)  to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information is disclosed.

2.    Designation of CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL information. Any party or non-party who produces or discloses documents or things that it believes contains or constitutes CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL information, shall label or mark at least the first page of such documents or things with the legend "CONFIDENTIAL" or HIGHLY CONFIDENTIAL information or

5711205-1

otherwise designate the materials as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL, before producing them to the party or parties seeking discovery. Anything that cannot be marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. Each page of each document and each thing produced pursuant to discovery in this Action shall bear a unique identifying number.

3.    Absence of Designation.    Documents and things produced without a legend designating the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be considered to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL subject to this Protective Order unless otherwise agreed by the parties or ordered by the Court, or later designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL in accordance with the provision of paragraph 7 of this Protective Order.

4.    Inspection of Documents.    Inspection of documents or things by any party shall be conducted by persons eligible under paragraphs 9 and 10 below. If a party or non-party elects to produce original documents and things for inspection, no confidentiality designations need be made by the producing party in advance of the initial inspection, but the party inspecting such files and records shall maintain the confidentiality of all those original documents and things that it reviews. Thereafter, upon selection of specified documents and things for copying by the inspecting party, the producing party shall appropriately mark or label CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL on the copies produced to the receiving party.

5.    Testimony of Current or Former Party Personnel.    All deposition testimony and transcripts of any current or former directors, trustees, officers, faculty, employees, consultants, experts or agents of the parties will be presumptively treated as CONFIDENTIAL

INFORMATION and subject to this Protective Order. The parties agree to mark at least the first page of all copies of deposition transcripts with the legend "CONFIDENTIAL." A receiving party may request that the party producing the witness or counsel for the witness release the deposition or any portion thereof from confidential treatment, either as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL. If the party producing the witness or counsel for the witness fails to respond to such a request within 14 days, the receiving party may seek judicial relief from the restrictions of this Protective Order.

6.    Limitations on Attendance at Depositions. Counsel for a producing party may request that all persons other than the witness, those individuals specified in paragraph 10, and counsel for the witness (if a non-party witness) leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the producing party believes may reveal CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information. If this request is not complied with, counsel for the producing party may seek relief from the Court and pending resolution by the Court, instruct the witness not to answer only those questions that would elicit CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information.

7.    Inadvertent Production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information. If a party or non-party inadvertently produces CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information without labeling or marking it CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to paragraph 2, the producing party may designate or redesignate the specifically identified document, information or thing, by providing written notice to the receiving party or parties, along with copies of the properly marked documents, information or things, in which event the receiving parties shall thereafter

5711205-1

treat such documents, information or things in accordance with this Protective Order and shall use good faith efforts to correct any prior disclosure of such documents, information or things contrary to the redesignation. The disclosure by the receiving party of documents, information and/or things before its or their proper designation or redesignation shall not be deemed a violation of this Protective Order. No showing of error, inadvertence or excusable neglect shall be required for a designation or redesignation.

8.      Use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information. All CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information shall be used by any receiving party solely for the purposes of this litigation, and shall not be used in any way for research, development, manufacture, patent prosecution, financial, commercial, marketing, regulatory, business, consulting or other competitive purposes. It shall be the duty of each party and each individual having notice of this Protective Order to comply with its terms. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information may be used in testimony at trial, offered into evidence at trial and/or hearings on motions, and may be used to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter.

9.      Access to CONFIDENTIAL INFORMATION.      CONFIDENTIAL INFORMATION shall not be given, shown, made available or communicated in any way to any person or entity other than the following:

(a)      Foley & Lardner LLP, litigation counsel of record for Rockefeller, and Nancy Koch, Esq., and their members or employees assisting in this litigation, including but not limited to, data entry, information processing, computer support, artist, translating, stenographic,

5711205-1

clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL;

(b)     Knobbe Martens Olson & Bear LLP and Greenberg Traurig, LLP, litigation counsel of record for Ligand, and their members and employees assisting in this litigation, including but not limited to, data entry, information processing, computer support, artist, translating, stenographic, clerical and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL;

(c)     Up to six (6) employees of Rockefeller (to be specifically designated by Rockefeller) and up to six (6) employees of Ligand (to be specifically designated by Ligand), and those designees' stenographic or clerical employees, agents, or assistants whose duties and responsibilities require access to material designated CONFIDENTIAL;

(d)     Outside consultants or experts and their employees, provided that such consultants or experts (i) are not affiliated or employed by any party or the party's licensee or licensor, retained by the attorneys for the parties as technical consultants or expert witnesses for purposes of this litigation, and (ii) have complied with the procedure set forth in paragraph 12 herein and agree in writing to be bound by the provisions of this Protective Order, in the form set forth as Exhibit A, hereto;

(e)     The Court, Court personnel, stenographic reporters at depositions and at trial, interpreters and any typist or transcriber used by the interpreter, and the jury; and

(f)     Independent litigation support providers retained by litigation counsel of record for the parties to assist in the litigation (e.g., outside copy services, graphic artists, visual aid providers, computerized legal support and management services and jury consultants).

10.    Access to materials designated HIGHLY CONFIDENTIAL.    Materials designated HIGHLY CONFIDENTIAL shall only be disclosed to:

(a)    Those individuals identified in paragraph 9(a), (b), (d), (e), and (f);

(b)    The following designated employees of Rockefeller: James Darnell, Terry Solomon, Deborah Yeoh and Harriett Rabb; and

(c)    The following designated employees of Ligand: Charles Berkman, John Higgins, John Sharp and Syed Kazmi;

Each of the persons identified in subparagraphs 10(b) and (c) shall sign an Undertaking in the form of the annexed Exhibit A prior to gaining access to HIGHLY CONFIDENTIAL information. Rockefeller, after inquiry of Dr. Darnell, represents that Dr. Darnell is not currently engaged in any consulting arrangements with third parties to the litigation.

11.    Discovery of Non-Party Information. Rockefeller and Ligand may be in the possession of information obtained from and/or developed in conjunction with Non-Parties, that Non-Parties may believe is confidential. To the extent either party requests discovery of such Non-Party information, the other party will cooperate to seek the agreement of those Non-Parties to permit such discovery. Specifically, the parties here will provide a copy of this Protective Order to any such Non-Party and will give notice to the Non-Party of any such discovery request. Further, the party who is providing the discovery will attempt to obtain the agreement of the Non-Party that any information which the Non-Party deems to be confidential can be designated CONFIDENTIAL INFORMATION, including, if requested, HIGHLY CONFIDENTIAL information, and treated as subject to this Protective Order. Nothing herein shall prejudice the producing parties' right to make timely and proper objections to such discovery. If the Non-Party refuses to permit disclosure under this Protective Order, the

5711205-1

requesting party has the burden to then seek such discovery directly from the Non-Party or obtain a court order to obtain such discovery.

12.    Disclosure to outside consultants or experts and litigation support providers and their employees.    If litigation counsel of record wish to disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information to any of the persons described in subparagraph 9(d), such counsel shall first obtain a signed Undertaking in the form of the annexed Exhibit A from each such person who would require access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information. Before any person may be given access to CONFIDENTIAL INFORMATION under subparagraph 9(d), the party seeking to provide access must give written notice to the attorneys for the designating party of the intention to make such disclosure, stating the name, address and a curriculum vitae of the background and qualifications of the person to whom disclosure is proposed. Service of the Undertaking shall be made by facsimile with a confirmation copy by Federal Express or equivalent next-day delivery. Within ten (10) days from the service of such written notice, the designating party may object to such disclosure by service of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for the objection. No disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information to any such person may occur prior to the expiration of ten (10) days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the designating party. If the designating party gives notice of objection to disclosure and does not reach agreement with the party seeking to make the disclosure, within ten (10) days after service of the objection, the party seeking to make the disclosure must seek leave of Court to make the disclosure and may not make such disclosure without an order of the Court authorizing such disclosure. If litigation counsel of record wish to

5711205-1

disclose CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information to an independent litigation support provider under subparagraph 9(f), such counsel shall obtain a single Undertaking signed by an officer of the company, firm or service which shall be sufficient to cover all employees or other individuals paid by such independent litigation support provider. Counsel disclosing CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL information to the persons described in subparagraphs 9(d) or 9(f) shall retain the original signed Undertakings, and shall provide a copy of such Undertakings upon request to the designating party.

13.    Obligations of receiving party.    A receiving party of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the receiving party with respect to his/her/its own proprietary information.

14.    Use of designated information in connection with persons who own, are retained or have prior knowledge of the information. Nothing herein shall prevent any party or non-party from disclosing its own CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information in any manner that it considers appropriate. Additionally, counsel for either party shall be entitled to show or use CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information obtained from the other party or a non-Party, during examination, either at deposition or at any hearing or trial, of any officer, employee or retained expert of the designating party. Counsel for either party also shall be entitled to show or use CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information obtained from the other party or a non-Party, during examination, either at deposition or at any hearing or trial,

5711205-1

of any former officer or employee of the designating party, if the former officer or employee is an apparent author, creator or recipient of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information.

15.     CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information and Patent Prosecution Activities.  During the pendency of this litigation and for five (5) years after the full and final conclusion of this litigation, including all appeals, a receiving party will not participate in, direct, or supervise any patent prosecution activity on behalf of that party that involves use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information produced by the receiving party.

16.     Inadvertent Disclosure.    If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information is inadvertently disclosed to any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall: (a) within five (5) business days, inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) promptly, and in any event no later than three (3) business days from the date of the discovery of such disclosure, inform such unauthorized person of this Protective Order, use good faith efforts to obtain the prompt return of any such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information, and seek to obtain an Undertaking in the form attached hereto as Exhibit A, signed by the unauthorized person, and within five (5) business days of its execution, send the signed Undertaking to counsel for the producing party.  The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

17.     Filing Under Seal.    All CONFIDENTIAL INFORMATION or HIGHLY

CONFIDENTIAL information, including CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information contained in or referenced in pleadings, motions or other papers filed with the Court, shall be filed under seal. Where practical, only confidential portions of the filings with the Court shall be filed under seal.

18.    Use of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information at Trial or Hearings. If a party intends to reveal CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information of another designating party during a trial, court appearance or hearing that is open to the public, the party intending to reveal such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information shall provide five business days advance written notice of an anticipated use so that the designating party may have an opportunity to object or take other appropriate action, unless consent from the designating party is previously obtained.

19.    Challenging Designations. A receiving party's acceptance of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information shall not constitute an admission or concession, or permit an inference by the receiving party that such material is, in fact, confidential. A receiving party may at any time send a written notice to the designating party requesting the removal of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL designation with respect to a particular document, object or information. Such request shall be served on counsel for the designating party, and shall particularly identify the designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information that the receiving party contends is not confidential and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL designation within ten (10) business days, the party contending that

such documents or material are not confidential may seek judicial relief from the restrictions of this Protective Order.

20.    Advice to Clients. Nothing in this Protective Order shall bar or otherwise restrict any counsel for a party from rendering advice to a party-client in this Action and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information to unauthorized persons.

21.    No Expansion of Federal Rules of Civil Procedure. Nothing in this Protective Order shall be implied to be an admission or construed to affect or govern the scope of discovery in this Action, or preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or other privilege or immunity. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

22.    Inadvertent Production of Privileged or Work Product Information. If a producing party inadvertently or mistakenly produces documents, information, or things that should have been withheld under a claim of attorney-client privilege, work product immunity, or other privilege or immunity, such production shall not constitute a waiver of, nor a prejudice to,

5711205-1

any claims of privilege or immunity, provided that the producing party notifies the receiving party promptly after learning of such inadvertent or mistaken production. Such inadvertently produced documents and all copies shall be returned promptly to the producing party upon request. No use of such documents shall be made other than to challenge the propriety of the asserted privilege or immunity, nor shall such documents be shown to anyone who has not already been given access to them subsequent to the request to return them. No demonstration or proof of error, inadvertence or excusable neglect shall be required of the producing party in order for such party to avail itself of the provisions of this paragraph.

23.    Miscellaneous. This Protective Order may be modified only by written agreement of the parties or by further order of the Court and is without prejudice to the rights of any party or non-party to seek additional or different relief from the Court not specified in this Protective Order.

24.    Survival of Obligations under Protective Order.    With respect to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information, this Protective Order shall survive the final termination of this Action to the extent the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information does not become known to the public or otherwise is not subject to this Protective Order, and shall be binding upon all persons to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information is disclosed hereunder. After final termination of this Action, including all appeals, in-house counsel and one law firm that is litigation counsel of record for each party may retain one copy of all CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information for reference in the event·of disputes over the use or disclosure of such material as well as copies of the pleadings and other papers filed with the Court or served in the course of litigation,

5711205-1

deposition transcripts, deposition exhibits and the trial record. One law firm that is litigation counsel for each party also may retain one file copy of all documents and things produced in the course of discovery. Nothing herein shall restrict the ability of the parties or their counsel to retain documents or things not designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL by the producing party or for a producing party to retain documents or things that such producing party has designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information. The Court shall retain jurisdiction to enforce this Order. All other copies of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information shall be: (i) returned to the producing party; or, alternatively, (ii) counsel for the receiving party may certify in writing the destruction thereof.

      25.    <u>Publicly Available Information and Other Disclosures</u>.  The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information by the parties to this Action shall not apply to any information of the parties which: (a) either party is required by law to disclose, such as, for example, necessary disclosures to a governmental agency or pursuant to a subpoena issued from a court of law; (b) the producing or designating party or parties agree(s) should not be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL information; (c) the producing or designating party or parties agree(s), or the Court rules, is already public knowledge; (d) the producing or designating party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order, or (e) the producing or designating party or parties agree(s), or the Court rules, has come or shall come into the receiving party's legitimate knowledge or possession independently of the producing party under conditions such

that its use and/or public disclosure by the receiving party would not violate any obligation to the disclosing party. The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL with any person who already has or obtains legitimate possession thereof.

26.    Notices. Notices under this Order shall be to the parties as follows to their counsel at their addressed indicated below, unless this provision is modified by the parties in writing: notice to Rockefeller shall be to Peter Wang and Anat Hakim, and notice to Ligand shall be to Joseph Reisman, Darrell Olson and Gregg Anderson.

FOLEY & LARDNER LLP

Dated: 8/6/08        By: _Anat Hakim_

Peter N. Wang (PW 9216)
Douglas S. Heffer (DH 6082)
90 Park Avenue
New York, New York 10016-1314
Tel: (212) 682-7474
Fax: (212 687-2329

Anat Hakim (AH 4398)
3000 K Street, NW-Suite 500
Washington, DC 20007-5101
Tel: (202) 672-5300
Fax: (202 672-5399

*Attorneys for Plaintiff*

5711205-1

GREENBERG TRAURIG, LLP

Dated: _August 6 2008_   By: _____

Simon Miller (SM-6728)
200 Park Avenue
New York, New York 10166
(212) 801-9200

-and-

KNOBBE MARTENS, OLSON & BEAR, LLP
Darrell Olson
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404

KNOBBE MARTENS, OLSON & BEAR, LLP
Joseph M. Reisman
Gregg I. Anderson
550 West C Street
Suite 1200
San Diego, CA 92101

*Attorneys for Defendant*

It is SO ORDERED this ___ day of _August_, 2008.

_____

UNITED STATES DISTRICT COURT JUDGE

5711205-1

ADDENDUM TO
STIPULATED PROTECTIVE ORDER
The Rockefeller Univ. v. Ligand.
08 Civ. ~~2775~~ (PKC)

2755

Notwithstanding any other provision, no document may be filed with the

Clerk under seal without a further Order of this Court addressing the specific documents

to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits

and a memorandum of law, demonstrating that the standards for sealing have been met

and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)

and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

Nothing herein is intended to alter or modify the applicability of Rule 5.2,

Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be

made without further application to the Court.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY

8-8-08

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE ROCKEFELLER UNIVERSITY, a New York not-for-profit corporation,<br>Plaintiff,<br>v.<br>LIGAND PHARMACEUTICALS INCORPORATED, a Delaware corporation,<br>Defendant. | 08-CV-2775 (PKC) (HP) |

**UNDERTAKING OF_____**

I, _____, declare under penalty of perjury that:

1.   My present address is _____

2.   My present employer is _____, and

the address of my present employer is _____.

3.   My present occupation is _____

4.   I have received a copy of the Stipulated Protective Order in this Action. I have carefully read and understand the provisions of the Protective Order.

5.   I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, all CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL information, including the substance and any copy, summary, abstract, excerpt, index or description of such material, that is disclosed to me as well as any knowledge or information derived from any of the above mentioned items.

6.   I will return all CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL INFORMATION that comes into my possession, and all documents and

5711205-1

things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so. I acknowledge that return of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

7.      I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court and that the parties, or either of them, may assert other remedies against me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

Dated:_____     _____
                                                    **Signature**

5711205-1